UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN SANCHEZ, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-4666** |
| | * | |
| **CERTAIN UNDERWRITERS AT** | * | **SECTION "L" (5)** |
| **LLOYDS, LONDON, ET AL.** | * | |

## ORDER & REASONS

Before the Court is a Motion to Dismiss for Lack of Standing (Rec. Doc. 4) filed by the Defendant Certain Underwriters at Lloyd's, London subscribing to Policy No. 1901-3337. For the following reasons, the Defendant's motion is now GRANTED.

### I.  BACKGROUND

This case arises out of property damage resulting from Hurricane Katrina. Kevin and Jane Sanchez ("Plaintiffs") allege that the hurricane caused flood damage to their property located at 36441 Jefferson Street in Slidell, Louisiana. The property was insured by the Defendant under a lender-placed flood insurance policy, which was issued to Bank One Corporation, the lender-mortgagee of the property. The policy was purchased by Bank One because the Plaintiffs had failed to secure flood insurance for the property.

On August 28, 2007, the Plaintiffs filed suit in this Court against the Defendant insurer, seeking payments under the lender-placed flood insurance policy and bad-faith penalties under Louisiana law. The Defendant now moves for dismissal under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, arguing that the Plaintiffs lack standing to bring this suit. The

1

Plaintiffs contend that they have standing because they are third-party beneficiaries with an interest in the policy, and were responsible for filing the claim under the policy.

## II.    LAW & ANALYSIS

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Thus, in this case the Plaintiffs "bear[] the burden of proof that jurisdiction does in fact exist." *Id.*  "The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *Harrison v. Safeco Ins. Co. of America*, No. 06-4664, 2007 WL 1244268, at *3 (E.D. La. Jan. 26, 2007).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).

This Court has previously addressed whether mortgagors have standing to sue insurers that have issued forced-placed policies for their properties:

> Typically, the purpose of a lender-placed policy is for a bank to declare properties on which it is mortgagee and on which foreclosure has not taken place, but on which the mortgagor's insurance has been cancelled or has lapsed.  When a mortgagor is not a named insured, he has no standing to bring claims under the policy.  However, under Louisiana law an insurance contract may be judicially reformed in limited circumstances, such as mutual error or fraudulent, negligent or mistaken conduct on part of the agent issuing the policy, and, in some cases, when a mortgagee is not included in a loss payable clause.  The equitable reformation of any insurance policy by judicial fiat requires caution and restraint.

*Jones v. Proctor Fin. Ins. Corp.*, No. 06-9503, 2007 WL 4206863, at *2 (E.D. La. Nov. 21, 2007) (internal quotations, citations, and brackets omitted); *see also Richardson v. Sw. Bus. Corp.*, No. 07-1142, 2007 WL 4259300 (E.D. La. Dec. 3, 2007); *Harrison v. Safeco Ins. Co. of America*, No. 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007).  Here, as in the cases noted above, the Plaintiffs are not named on the policy and, thus, there is no legal relationship between the Plaintiffs and the Defendant insurer.  Moreover, as various courts have noted, these factual circumstances do not justify a finding that the Plaintiffs are third-party beneficiaries of the forced-placed policy.  *See, e.g., Jones*, 2007 WL 4206863, at *3.  The mere fact that the Plaintiffs may have been allowed to adjust the loss directly with the Defendant does not dictate a different result.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's Motion to Dismiss for Lack of Standing (Rec. Doc. 4) is GRANTED such that the Plaintiffs' claims against the Defendant Certain Underwriters at Lloyd's, London subscribing to Policy No. 1901-3337 are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE